J-A07045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH METZGAR | : | |
| | : | |
| Appellant | : | No. 1222 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 22, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002121-2024

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:          **FILED: MARCH 2, 2026**

Appellant, Ralph Metzgar, appeals from the aggregate judgment of sentence of 144 to 480 months' incarceration, followed by 3 years' probation, imposed after he pled guilty to one count, and *nolo contendere* to a second count, of Rape by Forcible Compulsion, 18 Pa.C.S. § 3121(a)(1).  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The factual and procedural history of Appellant's case was set forth by the trial court as follows:

On September 24, 2024, through Criminal Information, the Commonwealth charged [] Appellant with four (4) counts [of] Rape of [a] Child under 18 Pa.[C.S.] § 312[1](c)[,] stemming from allegations that Appellant penetrated the minor victim, D.R., on four separate occasions from January 1, 2010, through April 1, 2010. On February 18, 2025, the Commonwealth filed an Amended Criminal Information which charged [Appellant] with four (4) counts of Rape by Forcible Compulsion…. On February 18, 2025, Appellant pled guilty to one (1) count of Rape [by] Forcible Compulsion and pled *nolo conte[n]dere* to one (1) count of Rape [by] Forcible Compulsion.

Prior to sentencing, the [c]ourt thoroughly reviewed a presentence investigation report [("PSI")] detailing the facts and circumstances of the underlying case[,] … the individual characteristics of [] Appellant, as well as the victim's impact statement explaining how the underlying matter ruined her childhood and tore two families apart.

At the time of sentenc[ing], cognizant of the sentencing guidelines, and after a sentencing hearing, relative to [count 1]: Rape [by] Forcible Compulsion, … this [c]ourt sentenced [] Appellant in the standard range to seventy-two (72) to two-hundred and forty (240) months; in regard[] to [count 2]: Rape [by] Forcible Compulsion, … this [c]ourt also sentenced [] Appellant in the standard range [to] seventy-two (72) to two-hundred and forty (240) months. As to each count, this [c]ourt imposed a consecutive sentencing scheme, which totaled an aggregate sentence of one-hundred and forty-four (144) to four-hundred and eighty (480) months.

Accordingly, on July 23, 2025, [] Appellant filed a timely [m]otion for [r]econsideration of [s]entence, in which [] Appellant requested that his sentences run concurrently, rather than consecutive[ly]. Among other allegations, [] Appellant challenged this [c]ourt's imposition of sentence as harsh and excessive, citing the presence of mitigating factors, including Appellant's age, his untreated mental health issues, and the increased supervision he will undergo once he is released due to his SORNA[1] requirements. After review of [Appellant]'s [m]otion, the [trial court] denied Appellant's [r]econsideration [m]otion by [c]ourt [o]rder dated

---

[1] Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.41.

August 1, 2025. Finally, Appellant filed a timely notice of appeal … on August 29, 2025.

Trial Court Opinion ("TCO"), 10/9/25, at 1-3 (internal citations omitted). Appellant filed a timely, court-ordered Pa.R.A.P. 1925(b) statement, and the trial court subsequently filed its Rule 1925(a) opinion on October 9, 2025, explaining why Appellant's claim is meritless. Appellant sets forth one issue for our review:

> Whether the sentencing court erred when it imposed consecutive rather than concurrent sentences on each offense[,] resulting in a harsh and excessive aggregate sentence of 144 to 480['] months incarceration.

*Anders* Brief at 4.

On December 4, 2025, Attorney DeVita filed with this Court a petition to withdraw from representing Appellant. The same day, counsel also filed an *Anders* brief, discussing the above-stated issue and concluding it is frivolous, and Appellant has no other, non-frivolous issues he could pursue herein. Appellant did not file a *pro se* or counselled response to either the brief or petition. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

>> (1) provide a summary of the procedural history and facts, with citations to the record;

>> (2) refer to anything in the record that counsel believes arguably supports the appeal;

- 3 -

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney DeVita's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination and supports her rationale with citations to the record and pertinent legal authority. Attorney DeVita also states in her petition to withdraw she has supplied Appellant with a copy of her *Anders* brief. Additionally, she attached a letter directed to Appellant to her petition to

withdraw, in which she informed Appellant of the rights enumerated in **Nischan**.  Accordingly, counsel has complied with the technical requirements for withdrawal.  We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other non-frivolous claims he could pursue on appeal.

Appellant's challenge is regarding the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.  **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000).  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.  **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process."
***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super.
2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super.
2010)).

In the instant matter, Appellant filed a timely notice of appeal and the issue raised by Appellant was properly preserved in a motion for reconsideration of sentence. Additionally, Attorney DeVita included a Rule 2119(f) statement in her ***Anders*** brief, although we would have reviewed Appellant's issue even had she not done so. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement.") (citations omitted). Accordingly, we now consider whether Appellant has raised a substantial question that his sentence is inappropriate under the Sentencing Code. In his Rule 2119(f) statement, Appellant alleges a substantial question is raised as "the lengthy consecutive sentences were unjustified given the facts of the case, particularly in light of his undiagnosed mental health disorder." ***Anders*** Brief at 10. Through this statement, Appellant has raised both an excessive sentence claim as well as a claim the trial court failed to consider a mitigating factor.

"[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.

Super. 2005) (applying *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)). Finding Appellant has raised a substantial question and satisfied all requirements under *Evans*, we proceed to the merits of his claim to determine if the issue raised is frivolous. In doing so, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, in crafting a sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, "[t]he general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Graham*, 661 A.2d 1367, 1373 (Pa. 1995) (citation omitted).

Here, Appellant challenges whether "the sentencing court erred when it imposed consecutive rather than concurrent sentences on each offense resulting in a harsh and excessive aggregate sentence of 144 to 480['] months incarceration." *Anders* Brief at 11 (unnecessary capitalization omitted).

Appellant argues it was an abuse of discretion for the court to impose "consecutive sentences[,] each at the higher end of the standard sentence range to the maximum period of incarceration… permitted…." *Id.* Appellant further argues he "has an untreated personality disorder for which he needs treatment and which has never been addressed[,]" and the sentence imposed "fails to consider his need for mental health counseling…." *Id.* at 14.

A thorough review of the record reveals the sentencing court considered this mitigation factor set forth by Appellant. Notably, the court had and reviewed a PSI report. Thus, we "presume[] the court was aware of and weighed all relevant information contained [in the report,] along with any mitigating sentencing factors." *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (internal quotation marks omitted).

Moreover, regarding the court's imposition of consecutive sentences, the trial court explained in its 1925(a) opinion:

> This [c]ourt found that consecutive sentences were entirely reasonable given the nature of the charges, the immense danger and risk to society created by [] Appellant, [] Appellant's status as a sexually violent predator, the relationship between Appellant and the victim, and the mental and psychological impact [] Appellant's actions have had on the victim. At the time of sentencing, this [c]ourt stated,
>
>> "You know, [Appellant], as your attorney indicated, you know, I read the file, the transcripts, because we were preparing to go to trial, … I always make it a practice to read all the transcripts, especially if the case is going to trial, but you decided at the last moment to enter the guilty plea[. B]ut I also read the Snapchat conversations that occurred prior to your arrest, and you basically admitted, 'I knew it was wrong, I'm not going to ask for forgiveness because I can't forgive myself[.]' [T]hose are admissions to the fact

that the charges were true. And …you are her uncle, … [and a] family relationship should be one of trust and to protect, not to abuse, which you did here. And I hope you heard [the victim's] comments that she read before this [c]ourt and the impact it has had on her and will have on her for the rest of her life.["]

N.T.[], [7/22/25], at [] 41-42.

As such, this [c]ourt complied with [S]ection 9721(b) in all respects, and it also meaningfully considered mitigating factors in fashioning the sentence. Importantly, for sufficient reasons on the record, acutely aware of the applicable sentencing ranges, this [c]ourt imposed consecutive sentences within the statutory limits.

Prior to imposing sentence, counsel for the Commonwealth highlighted facts relevant to the underlying offenses with emphasis on the position of [] trust that Appellant was in at the time of these offenses as the [victim's] uncle, as well as [] Appellant's diagnosis of antisocial disorder, and the victim's impact statement. [*Id.*] at 37-38. Counsel for [] Appellant highlighted [] Appellant's acceptance of guilt and the delay in disclosure. [*Id.*] at 39-40.

Accordingly, this [c]ourt did meaningfully consider the sentencing guidelines, as well as all [S]ection 9721(b) factors, including mitigating and aggravating circumstances as explained in the PSI, and as articulated by the victim, counsel for the Commonwealth, and counsel for Appellant.

TCO at 6-8.

Based upon all the evidence before it, the court imposed an aggregate sentence of 144 to 480 months' incarceration, followed by 3 years' probation. We conclude the record supports the sentencing court's reasoning and its decision conforms to the applicable law. Appellant was sentenced within the standard range for each count of Rape by Forcible Compulsion, and the trial court exercised its discretion in imposing Appellant's sentences consecutively. The record reflects the court carefully considered all the evidence presented

at the sentencing hearing, including the mitigating factor of Appellant's mental health diagnosis. As such, we discern no abuse of discretion, as Appellant has not established "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will," nor can we conclude the sentencing court "arrived at a manifestly unreasonable decision." **Shugars**, 895 A.2d at 1275.

For these reasons, we deem Appellant's sentencing issue frivolous. As our review of the record reveals no other, non-frivolous issues Appellant could raise herein, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/02/2026

- 10 -